## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN DAIGLE**<br>**Plaintiff** | **CIVIL ACTION NO.:** |
| **-VS-** | **JUDGE:** |
| **STATEWIDE TRANSPORT, INC.**<br>**Defendant** | **MAGISTRATE JUDGE** |

## COMPLAINT FOR VIOLATION OF FLSA AND
## DEMAND FOR JURY TRIAL

Plaintiff, Shawn Daigle ("Plaintiff"), sues the above captioned Defendant Statewide Transport, Inc. ("Statewide Transport"), for violations of the Fair Labor Standards Act, for failing to pay the Plaintiff's overtime compensation at a rate of one and one-half (1.5) times his regular rate of pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff states the following as her claim against Statewide Transport:

## JURISDITION AND VENUE

1. This action arises under the FLSA, 29 U.S.C. § 201 *et seq.* The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claim shares all common operative facts

with the federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3. Venue is proper in the United States District Court, Western District of Louisiana pursuant to 28 U.S. C.§ 1391, because Statewide Transport's principal place of business is in this District and the events or omissions giving rise to the claims occurred in this District.

## **PARTIES**

4. Plaintiff is an adult resident of Lafayette, Louisiana.

5. Plaintiff began working for Statewide Transport on December 28, 2015.

6. Plaintiff was an employee of Statewide Transport, Inc. ("Statewide Transport") from approximately December 2015 to November 2018, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

7. Statewide Transport is a motor carrier located in Hammond, Louisiana.

8. At all relevant times, Statewide Transport has generated in excess of $500,000 in gross annual sales.

9. At all relevant times, Statewide Transport is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

10. At all relevant times, Statewide Transport is, and has been, an "employer" within the meaning of the Louisiana Wage Laws.

11. Statewide Transport employed the Plaintiff within the meaning of FLSA, 29 U.S.C. § 203.

12. The goods and materials handled, sold, or otherwise worked on by Plaintiff that have been moved in interstate commerce include, but are not limited to, motor vehicles and cargo within them.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference the above paragraphs as is fully set forth herein.

14. Plaintiff worked for Statewide Transport as a delivery driver from December 2015 through November 2018.

15. As a driver, Plaintiff made deliveries in Louisiana.

16. Plaintiff never traveled outside of Louisiana for Statewide Transport.

17. Statewide Transport compensated Plaintiff for his work on an hourly basis.

18. Statewide Transport paid Plaintiff $13.39 per hour.

19. Statewide Transport permitted Plaintiff to work more than forty (40) hours per workweek.

20. Plaintiff's hours are reflected in Statewide Transport's records.

21. Statewide Transport paid Plaintiff the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

22. Plaintiff normally worked more than 40 hours in a week.

23. But rather than receiving time-and-a-half as required by the FLSA, Plaintiff only received "straight-time" pay for overtime hours worked.

24. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

25. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not the statutory violation exist.

26. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Statewide Transport. If these records are unavailable, Plaintiff may establish the hours worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.

27. Statewide Transport willfully operated under a common scheme to deprive Plaintiff of proper overtime compensation by paying him less than what is required under federal law.

28. As a motor carrier operating in Louisiana, Statewide Transport was or should have been aware the Plaintiff performed work that required proper payment of overtime compensation.

29. Statewide Transport knew that Plaintiff worked overtime hours without receiving proper overtime pay because Statewide Transport required Plaintiff to record and submit records of his work hours.

30. Statewide Transport was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of their actions.

31. Statewide Transport has not inquired with the Department of Labor seeking to establish or affirm that its pay practices were in compliance.

32. Accordingly, Statewide Transport's actions were not in good faith and were willful and the Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

## CAUSES OF ACTION

## COUNT I- VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

33. Paragraphs 1-32 are re-alleged as if fully set forth herein.

34. At all relevant times, Statewide Transport employed Plaintiff within the meaning of the FLSA.

35. The FLSA requires covered employers like Statewide Transport to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. §207.

36. Statewide Transport suffered and permitted Plaintiff to routinely work more than forty (40) hours a workweek without overtime compensation.

37. Statewide Transport did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

38. Statewide Transport knew Plaintiff worked overtime without proper compensation and he willfully failed and refused to pay Plaintiff wages at the required overtime rate.

39. Statewide Transport's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

40. As a direct and proximate result of these unlawful practices, Plaintiff suffered wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of his claims, liquidated damages, prejudgment interest, attorneys' fees and costs, and other legal and equitable relief as the Court deems just and proper.

## COUNT II- VIOLATION OF LOUISIANA WAGE LAWS

### FAILURE TO PAY WAGES DUE

41. Paragraphs 1-40 are re-alleged as if fully set forth herein.

42. LSA-R.S. § 23:631 requires employers to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.

43. In November 2018 Plaintiff made a demand pursuant to LSA- R.S. § 23:631 for his unpaid overtime wages.

44. In violation of LSA-R.S. § 23:632, Statewide Transport failed to pay Plaintiff all of the amounts of wages due and owing Plaintiff within the fifteen (15) day delay period as set forth in LSA-R.S. §23:631(A).

45. Statewide Transport's unlawful conduct and failure or refusal to pay the amount of wages owed was no in good faith and subject to the ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages as set forth in LSA-R.S. §23:632.

### PRAYER FOR RELIEF

46. WHEREFORE Plaintiff prays for relief as follows:

   a. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

    b. That the Court finds that the Defendant's violations of the FLSA were and are willful and in bad faith.

    c. An amount equal to Plaintiff's damages as liquidated damages;

    d. That the Court finds that the Defendant's violations of LSA-R.S.§ 23:631 were in bad faith.

    e. Penalty wages pursuant to LSA-R.S. §23: 632 from June 2014 through March 1, 2017.

    f. All costs and attorneys' fees and costs incurred prosecuting this claim.

    g. An award of any pre- and post-judgment interest;

    h. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

                                                          BOWERS LAW FIRM, LLC

                                                          *s/ Monica V. Bowers*
                                                          MONICA V. BOWERS (#28317)
                                                          vbowers@bowerslawfirmla.com
                                                          1200 Camellia Blvd., Suite 205
                                                          Lafayette, LA 70508
                                                          Ph: (337)406-9615
                                                          Fax: (337) 406-9615
                                                          Counsel for Plaintiff, Shawn Daigle